IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICKY McCOY                                                                      PETITIONER

v.                                    Case No. 1:07-cv-1038

LARRY NORRIS, Director,                                                RESPONDENT
Arkansas Department of Corrections.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, RICKY McCOY, an inmate confined at the Cummins Unit of the Arkansas

Department of Corrections,[1] filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. §

2254 (1996). The petition was referred for findings of fact, conclusions of law and recommendations

for the disposition of the case.

### A.  Procedural Background[2]:

On December 1, 2004, the Petitioner was convicted in the Circuit Court of Bradley County,

Arkansas of three counts of theft of property and one count of fleeing. Petitioner was sentenced to

480 months incarceration for each of the three theft counts and to 180 months for the fleeing

conviction. The sentences for two of the 480 month theft convictions were ordered to be served

consecutively. The other two sentences were ordered to be served concurrently. Petitioner's total

---

[1] Petitioner was confined at the Federal Correctional Institution, Texarkana, Texas, at the time he filed this action and properly named the Warden, Paul Kastner, as respondent. While neither party has provided the specific details, it appears from the pleadings that Petitioner was serving a undischarged Federal sentence of confinement at the time he filed this Petition. He has recently provided a notice of change of address to the Court and apparently is now in the custody of the State of Arkansas. (Doc. No. 18). The state convictions subject to this petition were ordered served consecutive to the Federal sentence.

[2] The procedural background is based on the assertions of the parties, as made in the pleadings and exhibits filed in this matter.

-1-

aggregate sentence was thus 960 months incarceration in the Arkansas Department of Corrections. Petitioner appealed his convictions, raising as his sole point of error a challenge to the jury selection process based on *Batson v. Kentucky*, 476 U.S. 79 (1986).   His conviction was affirmed by an opinion of the Arkansas Court of Appeals on December 14, 2005. *See McCoy v. State*, CACR 05-209, 2005 WL 3475908, at *1 (Ark. App. 2005).   The mandate affirming the conviction was issued January 4, 2006.

Petitioner claims he did not receive notice of the decision rejecting his direct appeal until May 9, 2006, when he received a letter from the clerk of the Arkansas Court of Appeals.  *See* Memorandum in Support of Petition (Doc. No. 2, p. 1).[3]   Despite recieving notice at least by May 9, 2006, Petitioner still waited until December 11, 2006 to file his post-conviction petition pursuant to ARK.R.CRIM.P. 37 ("Rule 37 Petition") in Arkansas state court alleging ineffective assistance of counsel.  *See* Petition (Doc. No. 1, Exhibit D).   The Rule 37 Petition was denied as untimely by the trial court, the Circuit Court of Bradley County, Arkansas,  on December 14, 2006.   *See* Petition (Doc. No. 1, Exhibit E).   Petitioner filed a notice of appeal to the Arkansas Court of Appeals on January 5, 2007.   *See* Petition (Doc. No. 1, Exhibit F).   Petitioner then filed a Motion to Recall Mandate in the Arkansas Court of Appeals on January 17, 2007, attempting to have the Arkansas Court of Appeals withdraw its December 14, 2005 ruling on his direct appeal and reissue its mandate allowing him to timely file his Rule 37 Petition.  *See* Petition (Doc. No. 1, Exhibit G). The Arkansas Court of Appeals denied the Motion to Recall Mandate in a *per curium* letter opinion on February 7, 2007.  *See* Petition (Doc. No. 1, Exhibits H and I).   No further appeal was pursued by the

---

[3] The docket numbers for this case are referenced by the designation "Doc. No."

Petitioner.

The Respondent admits that Petitioner is currently incarcerated in the Arkansas Department of Corrections. The Respondent also admits that Petitioner has no further non-futile state court remedy available.

**B.  Current Petition**:

The instant Petition for *habeas corpus* relief was received by the clerk and filed on May 7, 2007 with an effective filing date with the Court of March 29, 2007. *See Nunc Pro Tunc* Order dated May 7, 2007 (Doc. No. 4).   Petitioner states in his response to the Court's order of December 12, 2007 that he signed the instant Petition on March 13, 2007 before a notary public at the FCI-Texarkana.   He further states that he placed the Petition in the FCI-Texarkana prison mail system on that same day, namely, March 13, 2007.  *See* Petitioner's Response to Order (Doc. No. 21).  The petition is therefore timely filed.  *See* Report and Recommendation (Doc. No. 23), and Order Adopting Report and Recommendation (Doc. No. 24).

Petitioner claims ineffective assistance of counsel during his trial.  Specifically he alleges the following acts of ineffective assistance of counsel: (1) trial counsel failed to properly perfect a *Batson* challenge to the state's exclusion of African-American jurors; (2) trial counsel failed to request a lessor included offense jury instruction regarding unauthorized use of a motor vehicle; (3) trial counsel failed to request a lessor included offense jury instruction regarding misdemeanor fleeing in addition to the felony fleeing instruction; (4) trial counsel failed to adequately investigate and secure material witnesses for Petitioner's defense; and (5) trial counsel failed to argue that the sentence imposed violated due process because his sentence was enhanced by prior convictions

-3-

which were not proven to have been committed by the Petitioner.

The Respondent asserts that Petitioner's claims are procedurally barred in that Petitioner failed to exhaust his state court remedies prior to filing the instant petition.    Specifically, the Respondent asserts the Petitioner failed to timely seek state post-conviction relief.  The Respondent argues that because the state court refused to consider Petitioner's untimely state post-conviction petition, he has failed to fairly present his claims to the state court and is thus barred from proceeding in this matter.   Alternatively, the Respondent asserts the Petitioner cannot show "cause" and "prejudice" for the procedural default.

The Petitioner has replied to the Respondent's claim of procedural bar asserting first, his claims are "fundamental claims" and thus not subject to procedural bar, and second, he had cause for any default.   This matter is ready for decision.

**C. Discussion**:

**1. Procedural Bar**:  A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds."   *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002).   A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim in state court.   *See id.*    However, if a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice[4]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, Respondent claims Petitioner failed to timely seek state post-conviction relief and thus never "fairly presented" his claims to the state court. The state courts of Arkansas clearly found Petitioner's post-conviction Rule 37 Petition untimely. *See* Petition (Doc. No. 1, Exhibit E). Petitioner's claims were either known to him or able to be known to him immediately after his sentencing. By failing to timely raise such grounds for relief in the state courts pursuant to Rule 37, Petitioner defaulted on his available state remedies. Because Petitioner's state post-conviction petition was dismissed as untimely, an independent and adequate state ground to bar consideration of an untimely petition, this claim is procedurally barred from review in federal court. *See Winfield v. Roper*, 460 F.3d 1026, 1038 (8th Cir. 2006). Unless Petitioner can show cause and prejudice for his procedural default or new evidence making it more likely than not that no reasonable jury would have convicted him but for the alleged errors (the "actual innocence standard"), he is barred from proceeding in this matter. *See Clemons*, 381 F.3d at 750.

**2. Cause and Prejudice**: Because Petitioner's claims were barred by a state procedural rule,

_____

[4]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

he must show cause and prejudice or demonstrate a fundamental miscarriage of justice ("actual innocense") in order to  proceed in federal court on this *habeas corpus* petition.  *See Coleman*, 501 U.S. at 750.   Petitioner states he has cause for his failure to timely file the Rule 37 petition in state court because he never received notice of the Arkansas Court of Appeals decision affirming his underlying criminal conviction and thus did not know when the time period for filing his Rule 37 petition began to run.

Petitioner, citing ARK. SUP. CT. R. 5-3(b),  implies he should have received a copy of the December 14, 2006 Opinion of the Arkansas Court of Appeals, by certified mail within 18 days of the date of the opinion.  *See* Reply (Doc. No. 29, Affidavit is Support).   He misconstrues Rule 5-3(b).  Rule 5-3(b) simply sets the time line for issuance of the court's opinions and judgments.  It does not fix a time for mailing those orders.[5]   Further, ARK. SUP. CT. R. 5-2(e) provides in part:  "In every case the Clerk will furnish, without charge, one typewritten copy of all of the Court's published or unpublished opinions in the case *to counsel for every party* on whose behalf a separate brief was filed."   In short, the rules of the Arkansas courts do not require the clerk to separately notify parties, who are represented by counsel, of the issuance of orders and judgments.    Rather, the state rules require all counsel to be notified by the court's clerk.

In Petitioner's underlying criminal case, he was represented by counsel on his direct appeal.  *See* Memorandum Brief in Support of Petition (Doc. No. 2,  p. 1)(Petitioner acknowledges he was

---

[5]Rule 5-3(b) states:  "(b) Immediate issuance, upon leave of court. No transcript of any judgment, decision or opinion of the Court shall be certified by the Clerk, or mandate issued, within 18 calendar days after the judgment is rendered without special leave of the Court or upon stipulation of counsel, except in the case of the denial of a petition under Rule 37 of the Arkansas Rules of Criminal Procedure, in which case the decision of the Court shall be certified by the Clerk and the mandate issued on the day the decision is rendered."

represented by counsel during his direct appeal and at the time of the decision of the Arkansas Court of Appeals, "McCoy was not immediately advised by his counsel of the Court's disposition [of the direct appeal].").    Therefore, only his counsel was to be served with notice of the opinion of the Arkansas Court of Appeals, not the Petitioner himself.

"Cause" for a procedural default is generally shown where some "objective factor external to the defense" prevented the presentation of claims.   *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Moreover, because there is no constitutional entitlement to counsel in state post-conviction proceedings, the fact that Petitioner was proceeding without counsel in his Rule 37 proceedings cannot constitute cause excusing any default that occurred there. *See Coleman*, 501 U.S. at 752, 757; *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1351 (2006). Therefore, Petitioner's lack of legal knowledge, any inadequacies of his trial and appellate attorneys, and his lack of a post-conviction attorney, cannot constitute sufficient cause.

In *Morris v. Norris*, 83 F.3d 268 (8th Cir.1996), the Eighth Circuit specifically rejected a *habeas* petitioner's argument similar to the one raised here, namely that there was cause for his procedural default because his appellate attorney failed to advise him of Arkansas's Rule 37 post-conviction remedy and its restrictive time limits. The Court stated that the petitioner's default could not be excused on this basis because he had no right to counsel in post-conviction proceedings. *See id.* at 270.

In *Fuller v. Bowersox*, 202 F.3d 1053 (8th Cir. 2000), a second case very similar to the facts in this case, a federal *habeas* petitioner contended that his trial attorney's failure to notify him of the date when the trial transcript was filed deprived him of the information he needed to determine the

-7-

deadline for filing a state petition for post-conviction relief. He argued the attorney's omission was a breach of the duty owed him in pursuing his direct appeal, a context in which he was constitutionally entitled to the effective assistance of counsel. This, he argued, demonstrated "cause" sufficient to defeat a procedural bar. The Eighth Circuit rejected that position, stating that the trial attorney had no duty to notify the petitioner when the trial transcript was filed because that fact was of no significance to the appeal but was only of significance to the pursuit of post-conviction relief, where there was no right to counsel. *See id.* at 1059.

Finally, in *Sexton v. Kemna*, 278 F.3d 808 (8th Cir. 2002), a *habeas* petitioner procedurally defaulted his claims by failing to file a timely state post-conviction motion. As cause, he said the attorney who represented him at his state-court sentencing promised he would file a timely post-conviction motion but failed to do so because of a conflict of interest, namely counsel's unwillingness to argue his own ineffectiveness. Again, the Eighth Circuit found that no cause existed "because there is no constitutional right to effective assistance of counsel in state post-conviction proceedings." *Id.* at 816.

*Morris*, *Fuller*, and *Sexton* all involve cases very similar to Petitioner's circumstances, and in each of those cases, the Eighth Circuit Court of Appeals found that a *habeas* petitioner's failure to timely seek state post-conviction relief was not excused for "cause." Petitioner in the instant case was represented by counsel on his direct appeal. At best, Petitioner's argument regarding the "cause" of his failure to timely file the Rule 37 petition is that his appellate counsel should have notified him of the ruling of the Arkansas Court of Appeals and failed to do so. Petitioner alleges he did not receive direct notice of the December 14, 2006 opinion. He certainly has not

demonstrated the Arkansas Court of Appeals failed to notify his counsel of record.   At the time of his conviction, the law was unambiguous regarding the availability of Rule 37 and its time limitations, and he was expected to comply with the applicable law in order to preserve his claims for federal *habeas* review, regardless of his trial attorney's inaction and his own lack of legal representation or legal expertise in the period for seeking post-conviction relief. *See Morris*, 83 F.3d at 270-71.

As no "cause" for the procedural default has been shown in this case, the prejudice element need not be addressed. *See McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

**3. Actual Innocence**:   A federal *habeas* petitioner who has procedurally default may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).   This exception should only be applied in an "extraordinary case."  *Id*.

Here, Petitioner alleges no new evidence regarding his actual innocence.   He makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits.   Petitioner has not alleged actual innocense or that a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

**D.  <u>Conclusion</u>**:

Petitioner failed to adequately exhaust his state court remedies.   He was procedurally barred by an independent state procedural rule from presenting his claims in state court.   He has failed to establish "cause" for that procedural default.    He has failed to plead or establish that new and

reliable evidence exists which tends to show his actual innocence.   The Petition filed herein should be denied and dismissed with prejudice.

E. **Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[6]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **27th day of May, 2008.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

-10-