IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICKY McCOY                                                                PLAINTIFF

VS.                                    CASE NO. 07-CV-1038

LARRY NORRIS, Director,
Arkansas Department of Corrections                                         RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed on May 27, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 32). Petitioner Ricky McCoy filed objections to the Report and Recommendation on June 25, 2008. (Doc. No. 35). On the same day, Petitioner filed a motion seeking an extension of time to file additional objections. (Doc. No. 34). On July 1, 2008, the Court granted the motion. (Doc. No. 37). Petitioner was given up to and including July 16, 2008, to file any additional objections to the Report and Recommendation. No additional objections were filed. The Court finds the matter ripe for consideration.

## BACKGROUND

On December 1, 2004, the Petitioner was convicted in the Circuit Court of Bradley County, Arkansas of three counts of theft of property and one count of fleeing. He was sentenced to 480 months for each of the theft counts and 180 months for the fleeing conviction. The sentences for two of the theft convictions were ordered to be served consecutively. The other two sentences were ordered to be served concurrently. Thus, Petitioner's total aggregate

sentence is 960 months in the Arkansas Department of Corrections. Petitioner appealed his conviction, raising as his sole point of error a challenge to the jury selection process based on *Baston v. Kentucky,* 476 U.S. 79 (1986). The Arkansas Court of Appeals affirmed his conviction on December 14, 2005. On January 4, 2006, the mandate affirming the conviction was issued. Petitioner claims that he was never notified of the court's decision.

In May 2006, Petitioner wrote the Supreme Court requesting the status of his appeal. On May 9, 2006, Petitioner received a letter advising him that the Court of Appeals had affirmed his conviction on December 14, 2005, and that the final mandate had been issued on January 4, 2006. Thereafter, on December 11, 2006, Petitioner filed in the Circuit Court of Bradley County a petition for post conviction relief pursuant to Ark. R. Crim. P. 37 ("Rule 37 petition"). The Rule 37 petition was denied as untimely on December 14, 2006. On January 5, 2007, Petitioner filed a Notice of Intent to Appeal in the Circuit Court of Bradley County. Petitioner then filed a Motion to Recall Mandate in the Arkansas Court of Appeals on January 17, 2007. On February 7, 2007, the Court of Appeals denied Petitioner's motion. No further appeal was pursued by Petitioner in state court.

On March 29, 2007,[1] Petitioner filed the pending § 2254 petition for writ of habeas corpus raising five acts of ineffective assistance of counsel during his trial. In response to the petition, Respondent asserts that Petitioner's claims are procedurally defaulted, as they were never properly presented in state court prior to filing the instant petition.

In his Report and Recommendation, Judge Bryant finds that the instant petition is

---

[1] The instant petition was received by the clerk and filed on May 7, 2007. However, pursuant to the Court's *Nunc Pro Tunc* Order dated May 7, 2007, the effective date of filing with the Court was March 29, 2007.

procedurally barred from proceeding in this Court because Petitioner failed to exhaust his available state remedies and failed to show "cause" for the default. Judge Bryant recommends that the instant petition be denied and dismissed with prejudice. Petitioner has filed objections to the Report and Recommendation. He has also requested a hearing on the issue of ineffective assistance of counsel raised in his habeas petition.

Pursuant to 28 U.S.C. § 636(b)(1), the judge of the court shall conduct a *de novo* review of the findings of the magistrate which are objected to, and shall accept, reject, or modify the magistrate's findings and recommendations. After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own.

## DISCUSSION

Habeas relief is available to a petitioner after he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, before seeking federal habeas review, a state prisoner must first fairly present the substance of each of his claims to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them the opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); *see* 28 U.S.C. § 2254(b) & (c). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire,* 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.* A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. *Moore-El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006), *cert. denied,* 549 U.S. 1059, 127 S.Ct.

3

673 (2006). Failure to file a timely state post conviction petition raising all federal claims, or failure to appeal properly the denial of a post conviction petition to the highest state court, constitutes a procedural default. *Osborne v. Purkett,* 411 F.3d 911, 919 (8th Cir. 2005), *cert. denied,* 547 U.S. 1022, 126 S.Ct. 1569 (2006). When a claim is defaulted, a federal habeas court will consider it only when the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546 (1991). In order to demonstrate a fundamental miscarriage of justice, the petitioner must show his actual innocence of the charges. *Sawyer v. Whitely,* 505 U.S. 333, 339, 112 S.Ct. 2514 (1992).

In Arkansas, all grounds for post conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court. Ark. R. Crim. P. 37.1(a), 37.2(b) (2007). This includes challenges to the effectiveness of counsel in violation of the United States Constitution. *Id.* 37.1(a); *Huddleston v. State,* 339 Ark. 266, 271-72, 5 S.W.3d 46, 50 (Ark. 1999). A Rule 37 petition must be filed within sixty (60) days of the issuance of the appellate court's mandate affirming the conviction. Ark. R. Crim. P. 37.2(c). Rule 37's time limitations are jurisdictional, and relief cannot be granted on an untimely petition for post conviction relief. *Shabazz v. State,* 359 Ark. 525, 527, 199 S.W.3d 77, 78 (Ark. 2004)(citing *Maxwell v. State,* 298 Ark. 329, 767 S.W.2d 303 (1989)).

In this case, Petitioner did not file his Rule 37 petition until December 11, 2006, some eleven months after the mandate was issued by the Court of Appeals. As a result, the Circuit Court of Bradley County found that Petitioner's post conviction petition was untimely and declined to review it. Thus, Petitioner's current claims regarding the performance of his trial

counsel are procedurally defaulted. Federal habeas review is barred unless Petitioner can make the requisite showing of cause and prejudice or actual innocence.

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman,* 501 U.S. at 753. Pro se status and unfamiliarity with legal arguments or procedures are not sufficiently external to constitute cause excusing procedural default. *Murry v. Norris,* 2007 WL 4563441 *4 (E.D. Ark. Dec. 20, 2007) (citing *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir. 1988)). If no cause has been shown, the prejudice element of the procedural default analysis need not be addressed. *McCleskey v. Zant,* 499 U.S. 467, 502, 111 S.Ct. 1454 (1991).

Here, Petitioner claims that he has cause for his failure to timely file the Rule 37 petition in state court. He states that he never received notice of the Court of Appeals decision affirming his underlying criminal conviction or a copy of the court's mandate. Thus, he did not know when the time period for filing his Rule 37 petition began to run. However, it is a would-be petitioner's responsibility to keep apprized of the status of his appeal. *O'Brien v. State,* 339 Ark. 138, 3 S.W.3d 332 (1999). If the petitioner desires to proceed with a timely Rule 37 petition, it is incumbent on him to determine when the mandate was issued. *Doyle v. States,* 319 Ark. 175, 890 S.W.2d 256 (1994). Thus, Petitioner's argument that his attorney failed to notify him that the mandate had been issued does not excuse his untimely filing of his Rule 37 petition in state court. *O'Brien,* 339 Ark. at 140. Petitioner has failed to establish cause for his procedural default in this case. And, because Petitioner has not established cause for his procedural default, it is not necessary for the Court to address the question of prejudice. *See McCleskey,* 499 U.S at

5

502.

Finally, Petitioner may overcome his procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish such a miscarriage of justice, Petitioner must make a showing of actual innocence. *See Sawyer,* 505 U.S. at 339. Here, Petitioner does not allege or offer any new evidence that would support such a finding. Therefore, this exception is not applicable to this case.

## CONCLUSION

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation and finds that the Petitioner's claims are procedurally defaulted. He has failed to establish cause for that procedural default or shown his actual innocence. Therefore, federal review of Petitioner's claims is barred and his request for a hearing is denied. Accordingly, the Petitioner's pending habeas corpus petition should be and hereby is **denied and dismissed with prejudice.**

IT IS SO ORDERED, this 18th day of December, 2008.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge